**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT PIKEVILLE**

**CIVIL ACTION NO. 20-27-DLB-EBA**

**ARC RESOURCE MANAGEMENT, INC**                                          **PLAINTIFF**

**v.**                                          **MEMORANDUM ORDER**

**CIVIL, LLC**                                          **DEFENDANT**

*** *** *** ***

This matter is before the Court upon two Objections: (1) Plaintiff ARC Resource Management, Inc., and related parties' ("ARC") Objection to Judge Atkins' Memorandum and Order granting non-party JRL Coal, Inc.'s ("JRL") Motion to Quash Plaintiff's Subpoena (Doc. # 114); and (2) ARC's Objection to Judge Atkins' Memorandum and Order denying ARC's Motion to Reconsider a Portion of the Order Denying the Motion to Compel (Doc. # 129).[1]  The Objections have been fully briefed and are ripe for review. For the following reasons, both of ARC's Objections (Docs. # 114 and 129) are **overruled**.

I.      **FACTUAL AND PROCEDUREAL BACKGROUND**

This case originally centered around ARC's allegations that Civil, LLC ("Civil") had breached its Contract Mining Agreement relating to mining activities located in Buchanan County, Virginia by failing to mine 38,000 tons of coal.  (Docs. # 1 and 92 at 1).  In response to ARC's Complaint, Civil filed its own counterclaims against ARC and additional parties.  (Doc. # 11).  The matter has since evolved to involve complex claims

---

[1]      Also pending before this Court is Defendant Civil, LLC's Motion for Partial Summary Judgment (Doc. # 104), which has been fully briefed and is ripe for review.  That motion is scheduled for oral argument in November (*See* Doc. # 161, Virtual Order dated 10/8/24).

and counterclaims, and possible damages of more than $15,000,000.  The case was removed to this Court on February 29, 2020 (Doc. # 1), and since then extensive written and oral discovery has taken place.

On June 13, 2024, ARC served a subpoena on JRL for documents that relate to a Highwall Miner at issue in the case.  (Doc. # 99 at 2).  ARC described several categories of information and documentation it was seeking in relation to the request.  *Id*.  JRL then filed a motion to quash the subpoena on the grounds that it sought irrelevant information and was overbroad and unduly burdensome.  *Id*.  On July 10, 2024, Magistrate Judge Atkins granted the motion to quash the subpoena due to its untimely nature.  (Doc. # 109 at 5).  On July 16, 2024, ARC filed the present Objection to Magistrate Atkins' order granting the motion to quash.  (Doc. # 114).

On June 3, 2024, both parties moved to compel production of certain discovery materials from each other.  (Docs. # 91 and 92).  On June 24, 2024, Judge Atkins issued an order on those motions ("June 24th Order"), which, among other things, denied a portion of ARC's motion to compel.  (Doc. # 98).  ARC moved to have the Court reconsider the portion of the June 24th Order denying ARC's request to compel the production of materials and information related to Civil's financial status and condition.  (Doc. # 100). Judge Atkins then issued an order denying the motion to reconsider.  (Doc. # 124).  On August 13, 2024, ARC submitted the present Objection to Judge Atkins' order denying the motion to reconsider the motion to compel.  (Doc. # 129).  Both objections are ripe for review.

2

## II.   ANALYSIS

### A.   Standard of Review

Federal Rule of Civil Procedure 72(a) provides that the undersigned must review the Magistrate Judge's Memorandum and Order to determine whether it "is clearly erroneous or is contrary to law."  "The 'clearly erroneous' standard applies only to factual findings made by the Magistrate Judge, while [his] legal conclusions will be reviewed under the more lenient 'contrary to law' standard."  *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992).  "This Court's review under the 'contrary to law' standard is 'plenary,' and it 'may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent.'"  *Id*. (quoting *Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 205 (N.D. Cal. 1983).

### B.   Objections

#### 1.   *Objection to Motion to Quash ARC's Subpoena*

Judge Atkins granted JRL's Motion to Quash ARC's Subpoena due to its "untimely nature."  (Doc. # 109 at 5).  This Court's Eighth Amended Scheduling Order established June 14, 2024, as the deadline for fact discovery.  (Doc. # 86 at 1) ("Parties shall complete all fact discovery on June 14, 2024.  This deadline means, as relevant, service of written discovery calculated to secure a response by and compliant with the deadline.").  JRL did not receive ARC's subpoena until June 13, 2024, one day prior to the fact discovery deadline.  (Doc. # 99 at 2).  JRL subsequently filed a Motion to Quash Plaintiff's Subpoena on June 25, 2024.  (Doc. # 99).  Judge Atkins granted JRL's Motion to Quash, stating that "[s]erving a subpoena for documents related to fact discovery the day before the fact

discovery deadline elapses, as the Plaintiff did here, therefore does not comply with the Court's scheduling order."  (Doc. # 109 at 4; *see also id*. at 5 ("[T]he Court cannot allow ARC to circumvent the deadlines that have been established in this matter – especially since the Court has been exceedingly lenient in extending the pretrial deadlines in this case multiple times.")).  On July 16, 2024, ARC filed the present Objection to Judge Atkins' Order granting JRL's Motion to Quash Plaintiff's Subpoena.[2]  (Doc. # 114).

Rule 45(d)(3)(A)(i) requires a court to quash or modify a subpoena that fails to allow a reasonable time to comply.  As such, courts in this circuit have repeatedly held that subpoenas are discovery devices which "must adhere to the deadlines of a court's scheduling order."  *Allstate Ins. Co. v. Papanek*, 309 F. Supp. 3d 511, 514 (S.D. Ohio 2018) (citing *Miami Valley Fair Hous. Ctr., Inc. v. Connor Grp*., No. 3:10-cv-00083, 2011 WL 13157347, at *3 (S.D. Ohio July 21, 2011)).  Accordingly, "[c]ourts act within their sound discretion in quashing a subpoena where the discovery sought would not be produced until after expiration of the discovery deadline."  *Allstate,* 309 F.Supp.3d at 514.

This Court has previously held that a motion for a subpoena that was "received and filed one day before the discovery deadline" is untimely.  *Dudley v. Green*, No. 19-54-HRW-CJS, 2021 WL 4494608, at *2 (E.D. Ky. Sept. 30, 2021).  In *Dudley* the scheduling order set a November 3, 2020, deadline to "complete all discovery."  *Id*.  The plaintiff submitted a motion for a subpoena which was received and filed November 2,

---

[2]     In filing its response to ARC's Objection, JRL, seemingly as a side note, broadly references Rule 37 of the Federal Rules of Civil Procedure as grounds for reasonable expenses and attorney's fees.  (Doc. # 135 at 6).  Absent any substantial argument, the Court declines to address this request.  *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (quoting *Citizens Awareness Network, Inc. v. U.S. Nuclear Regul. Comm'n*, 59 F.3d 284, 293-94 (1st Cir. 1995)) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.")

2020, one day prior to the deadline.  *Id*.  This Court held that while the motion had been filed prior to the deadline, it was nevertheless untimely because "a subpoena must allow the person or entity to which it is directed 'a reasonable time to comply.'"  *Id*. (quoting Fed. R. Civ. P. 45(d)(3)(A)(i)).   Other courts within this Circuit have ruled similarly— holding that subpoenas, including third-party subpoenas, filed mere days before a discovery deadline, are untimely.  *See Allstate*, 309 F.Supp.3d at 513 (quashing a third-party subpoena issued a week before the discovery deadline because "the production requested would otherwise occur weeks after the expiration of such deadline."); *Raymond James & Assocs., Inc. v. 50 North Front St. TN, LLC*, No. 18-cv-2104-JTF-TMP, 2019 WL 12373903, at * 5 (W.D. Tenn. Sept. 27, 2019) (quashing a third-party subpoena issued the same day as the discovery deadline for untimeliness); *Drahuse v. Fed. Home Loan Mortg. Corp*., No. 10-cv-14117, 2011 WL 4088170, at *2 (E.D. Mich. Sept. 14, 2011) ("[D]iscovery must be served upon a party so that the receiving party has enough time to respond, as provided for in the Federal Rules, otherwise, the discovery requests are untimely.").  *See also Dudley* 2021 WL 4494608, at *2 ("10 days' notice is customary (but more time might be required depending on the circumstances) and that 29 days is generally a reasonable time to comply with a subpoena.") (citing *Fox v. Traverse City Area Pub. Sch. Bd. Of Educ*., No. 1:07-cv-956, 2009 WL 724001, at * 1 (W.D. Mich. Mar. 10, 2009).

Here, the discovery deadline was June 14, 2024.  (Doc. # 86 at 1).  ARC was keenly aware of this fact discovery deadline.[3]  JRL received the subpoena on June 13,

---

[3]     Not only was ARC aware of this deadline, it argues that because there was a pending motion for extension of fact discovery when the subpoena was issued this Court should have disregarded the fact discovery deadline because "both sides were in agreement when the

2024.  (Doc. # 99 at 2).  JRL would not have had a reasonable time to comply with the subpoena before the deadline for fact discovery expired.

In an apparent attempt to circumvent the fact discovery deadline, ARC argues in its Objection that "JRL will certainly not be prejudiced if the subpoena is enforced outside the fact discovery deadline, as it is not a party to this case." (Doc. # 114 at 9).  But as noted above, courts within this Circuit have held that third-party subpoenas are still bound by fact discovery deadlines.  Therefore, ARC filing the subpoena the day before the fact discovery deadline is untimely because it would result in production after the expiration of the deadline.  Having reviewed Judge Atkins' Order, the Court agrees, in full, with Judge Atkins' conclusion that the Motion to Quash Plaintiff's Subpoena be granted.  His decision is neither clearly erroneous nor contrary to law.[4]  Therefore, ARC's first Objection (Doc. # 114) is **overruled**.

### 2.  Objection to the Motion to Reconsider the Motion to Compel

ARC originally filed a Motion to Compel seeking production of information and documentation related to Civil's financial state.  (Doc. # 91).  After Judge Atkins denied the Motion to Compel, ARC subsequently filed the Motion to Reconsider a Portion of the

---

Subpoena was issued to JRL that an extension of the fact discovery deadline was appropriate." (Doc. # 114 at 8).  That motion was ultimately denied (Doc. # 124) and neither party has objected. Therefore, that argument is irrelevant.

[4]      ARC has additionally objected that the Order is contrary to law because the "Magistrate Judge in his Order did not address the merits of JRL's objections or the ARC Parties' defenses to their objections, deciding the issue solely on the fact that the Subpoena was issued on the day before the fact discovery deadline."  (Doc. # 114 at 10).  As this Court has explained in detail, pursuant to the Federal Rules and established case law, it is within a Court's discretion to quash a subpoena that is untimely. Case law in this circuit has established that a subpoena filed the day before the deadline is untimely. Just because the parties raise other arguments does not mean that the Court must address them, especially when other grounds are dispositive.

Therefore, the Court concludes that Judge Atkins granting the motion to quash on the grounds of untimeliness, and declining to address any other arguments, is not contrary to law.

Order Denying the Motion to Compel because "evidence indicates that Civil's lack of financial resources caused it to breach the Contract Mining Agreement." (Doc. # 124 at 5) (citing Doc. # 100 at 7-8)). Judge Atkins denied the Motion to Reconsider on the grounds that "the requested evidence would appear to touch on Civil's state of mind or motive in breaching the Mining Contract Agreement . . . ." which is "not relevant to prove ARC's claims." (Doc # 124 at 6). ARC submitted its Objection to the order on August 13, 2024. (Doc. # 129).

A magistrate judge may hear and determine non-dispositive, pretrial matters. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Any party may file objections to such an order for consideration by the district court. Fed. R. Civ. P. 72(a). Objections, however, that are general, repetitive of arguments previously presented to the magistrate judge, or do "nothing more than state a disagreement with the magistrate's suggested resolution" are improper. *EQT Prod. Co. v. Magnum Hunter Prod. Co.*, No. 5:16-cv-150-JMH, 2017 WL 4974782, at *2 (E.D. Ky. July 19, 2017) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004)); *see also Bustetter v. CEVA Logistics U.S., Inc.*, No. 0:18-cv-58-DLB-EBA, 2019 WL 1867430, at *2 (E.D. Ky. Apr. 25, 2019) ("'Vague, general or conclusory objections' are equivalent to 'a complete failure to object.'" (quoting *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001))).

Most of ARC's second Objection parrot arguments previously before Judge Atkins in the Motion to Reconsider the Motion to Compel. (*Compare* Doc. # 100 *with* Doc. # 129). Judge Atkins' decision rested on the grounds that the requested financial records would touch on Civil's state of mind, which is irrelevant in a breach of contract claim. (Doc. # 124 at 6). While ARC's Objection briefly mentions its opposition to that holding,

ARC does little to elaborate.  Rather, ARC merely rewords what it had already stated in its Motion to Reconsider.  For example, in its Motion to Reconsider, ARC stated that "Civil just needed to use the appropriate resources to meet its contractual obligations, but lacked those resources."  (Doc. # 100 at 8).  Similarly, in its Objection, ARC states that Civil "lacked funds sufficient to meets its contractual obligations on the Burning Knob Project."  (Doc. # 129 at 8; *see also* Doc. # 100 at 8 (The lack of financial resources "prevented Civil from acquiring by purchase, lease, or subcontract, a second highwall miner or a more efficient highwall miner . . . ."); Doc. # 129 at 8 ("[Civil's] highwall miner was not adequate for the job and Civil did not – and could not – afford to make the necessary improvements to it or to obtain another …")).  While ARC changed the language in the Objection, this does not render the Objection specific to Magistrate Judge Atkins' decision.  Rather, the Objection is merely a restatement of ARC's argument that the financial information is relevant (and in turn not going to Civil's state of mind), of that which was already before Judge Atkins.  Therefore, these objections are overruled as improper.

ARC does, however, raise other more specific issues with Judge Atkins' decision.  Specifically, ARC takes issue with the fact that Judge Atkins held that the information sought by ARC was not proportional.  This Court need not discuss whether this decision was contrary to law.  Even if this Court were to find the request was proportional, it has overruled the relevancy objections as improper.  Therefore, the proportionality of the request is of no consequence.

Having reviewed Judge Atkin's Order, the Court agrees, in full, with Judge Atkin's conclusion that the Motion to Reconsider a portion of the Order Denying the Motion to

Compel be denied. His decision is neither clearly erroneous nor contrary to law.   ARC's second Objection (Doc. # 129) is therefore **overruled**.

### III.     CONCLUSION

Accordingly, for the reasons stated herein, **IT IS HEREBY ORDERED** as follows:

(1)     Plaintiff ARC's Objection to Judge Atkins' Memorandum and Order granting non-party JRL Coal, Inc.'s Motion to Quash Plaintiff's Subpoena (Doc. # 114) is **OVERRULED**; and

(2)     Plaintiff's Objection to Judge Atkins' Memorandum and Order Denying ARC's Motion to Reconsider a Portion of the Order Denying the Motion to Compel is (Doc. # 129) is **OVERRULED**.

This 8th day of October, 2024.

Signed By:
David L. Bunning
United States District Judge

G:\Judge-DLB\DATA\ORDERS\PikeCivil\2020\20-27 MOO Objections.docx

9